UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELZE BLOCK,<br><br>        Petitioner,<br><br>   v.<br><br>BRIAN DUFFY,<br><br>        Respondent. | Case No. CV-15-2742 AG (KLS)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION;**<br><br>**REFERRING THE PETITION TO THE U.S. COURT OF APPEALS PURSUANT TO NINTH CIRCUIT RULE 22-3(A);**<br><br>**DENYING A CERTIFICATE OF APPEALABILITY** |

DISMISSAL OF HABEAS PETITION WITHOUT PREJUDICE

On April 14, 2015, Petitioner, Elze Block, a California state prisoner in custody proceeding pro se, filed a "Petition for Writ of Habeas Corpus By A Person In State Custody" ("Petition"), pursuant to 28 U.S.C. §2254.  Petitioner challenges a sentence imposed by the Los Angeles County Superior Court in 1995 for robbery and attempted carjacking. (Petition at 2.)

The Court takes judicial notice of its files with respect to two prior habeas petitions that Petitioner filed in this Court:  the first, filed on December 18, 2001 in the Northern District of California and transferred to this Court on January 11, 2002,

Case No. CV-02-289 WJR (FMO) (the "2002 Petition:")); and a second, filed on or about July 13, 2011, Case No. CV 11-5745 AG (FMO) (the "2011 Petition").The Court notes that both the 2002 Petition and the 2011 Petition were directed to the same conviction and/or sentence sustained in the Los Angeles County Superior Court that is challenged herein.[1]

On May 20, 2002, the Court entered Judgment dismissing the 2002 Petition with prejudice as untimely. (Case No. CM Doc. No. 17.) On May 23, 2003, the Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability ("COA"). *See Block v. Carey*, No. 02-056109 (9th Cir. May 23, 2003).

With respect to the 2011 Petition, on July 24, 2011, the Court entered Judgment, summarily dismissing the action without prejudice pursuant to 28 U.S.C. § 2244(b) and Rule 9 of the Rules Governing § 2244 Cases in the United States District Courts for lack of jurisdiction. (Case No. 2:11-cv-05745-AG (FMO), CM Doc. No. 4.) The Court found the 2011 Petition to be a "second or successive" petition filed without the requisite authorization from the Ninth Circuit Court of Appeals and denied a COA. (Case No. 2:11-cv-05745-AG (FMO), CM Doc. No. 5.)

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

---

[1] Following a conviction in the Los Angeles County Superior Court for second degree robbery and attempted carjacking, Petitioner was sentenced to thirty years to life. (Petition at 2.) The instant petition appears to challenge the constitutionality of Petitioner's sentencing under California's Proposition 36 on the grounds that certain exclusionary provisions of the "three strikes" sentencing law violate the Petitioner's rights under the double jeopardy, equal protection, and due process clauses of the Unites States Constitution. (Petition at 11-13.)

2

    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

        (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

          (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Therefore, because the Petition challenges the same conviction as Petitioner's 2002 Petition and 2011 Petition, it constitutes a "second and/or successive petition" within the meaning of 28 U.S.C. § 2244(b).

To the extent Petitioner seeks to pursue the same claims he previously asserted, the Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1). To the extent Petitioner seeks to pursue claims not previously asserted, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit Court of Appeals authorizing the district court to consider the Petition, prior to his filing of it in this Court. Nothing in the record indicates that the Petitioner has obtained

permission from the Ninth Circuit to file a second or successive petition. Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject matter jurisdiction.[2]

## "REFERRAL" OF HABEAS CORPUS PETITION TO NINTH CIRCUIT

Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."

Therefore, to the extent the Petition was "mistakenly submitted" to this Court, the Petition must be referred to the Court of Appeals. However, it is unclear whether the district court may both "refer" the Petition to the Ninth Circuit and, at the same time, dismiss the Petition. After reviewing numerous district court cases in this circuit, this Court concludes that simultaneous referral and dismissal is appropriate. *See Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014).

---

[2] If Petitioner obtains permission to file a third petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. When petitioner files a new petition, the Court will give the petition a new case number.

DENIAL OF CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2254 Actions provides:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Here, given the Court's ruling on settled legal issues, the Court does not require any arguments from the parties on whether a COA should issue.

Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court dismissed the petition on the ground that it was a second or successive petition. Thus, the Court's determination of whether a COA should issue is governed by the Supreme Court's decision in *Slack v. McDaniel*, 529 U.S. 473 (2000), where the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484.

As the Supreme Court further explained: Section 2253 mandates that both

showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. 529 U.S. at 485. Here, the Court finds that its ruling is not one in which "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that the Court has no jurisdiction over the Petition.

## **ORDER**

Pursuant to Ninth Circuit Rule 22-3(a), the Court refers the Petition to the United States Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas petition. The Clerk of Court shall send a copy of the Petition and a copy of this Order to the Clerk of the United States Court of Appeals for the Ninth Circuit.

The Clerk of Court shall provide petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

This action is then dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A Certificate of Appealability is DENIED. This is a final order, but it will not be appealable unless Petitioner obtains a certificate of appealability from the U.S. Court of Appeals. *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012) (citing 28 U.S.C. § 2253(c)(1)(B)), *see also* Fed. R. App. P. 22(b)(1).

//

//

As required by Fed. R. Civ. P. 58(a)(1), final judgment will be issued separately.

DATED: October 02, 2015

_____
ANDREW J. GUILFORD
United States District Judge

Presented by:

_____
KAREN L. STEVENSON
United States Magistrate Judge